UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Elbert Simpkins, ) | C/A No. 5:12-1447-GRA-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| Sheriff Al Cannon, Captain Keys, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion to Compel filed on January 14, 2013. ECF No. 65. Defendants filed a response opposing Plaintiff's motion on January 31, 2013. ECF No. 75. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983.

Federal Rule of Civil Procedure 37 provides that if a party fails to respond to discovery, the party seeking discovery may move for an order compelling production. The decision to grant or to deny a motion to compel discovery rests within the broad discretion of the trial court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va.*, Inc., 43 F.3d 922, 929 (4th Cir. 1995) (holding the "Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (internal citation omitted); *LaRouche v. Nat'l Broad. Co., Inc.*, 780 F.2d 1134, 1139 (4th Cir. 1986) (holding "[a] motion to compel discovery is addressed to the sound discretion of the district court.").

In his Motion to Compel, Plaintiff seeks an order compelling Defendants to respond to his Second Set of Interrogatories and to provide a response to Question B on the subpoena served on Charleston County Sheriff's Office.  ECF No. 65.   The court will address each disputed interrogatory in turn:

- a. **Question 1:**  Plaintiff contends that Defendants did not provide him with a copy of South Carolina Department of Corrections' ("SCDC") policy that addresses the manner in which inmates who are in protective custody should be moved to a different cell for security purposes.
    Defendants contend that they have responded to this interrogatory and have provided an explanation of the policy for moving inmates between cells through the affidavit of Lynette Johnson.

- b. **Question 2:** Plaintiff argues that Defendants have failed to tell him if Lt. Johnson, C/O Love, or C/O Vegas was working on March 15, 2010 at the time of Plaintiff's incident.
    Defendants contend that they have answered this request through supplemental discovery responses.

- c. **Question 3:** Plaintiff argues that Defendants have failed to produce all documents within Charleston County Detention Center ("CCDC") concerning his detention from September 11, 2009 to August 25, 2011. Plaintiff contends that he needs these documents to show that he filed a grievance on March 15, 2010.  Plaintiff further argues that these documents will show "inmate requests filed by the Plaintiff, unit changes and list of all plaintiff's enemies, and current and complete medical record." ECF No. 65 at 2.
    In response, Defendants contend that they have searched their computer systems and have not located any grievances filed for the March 15, 2010 incident.  ECF No. 75 at 1. Defendants further aver that they objected to this Interrogatory as overly broad and contend that they have provided Plaintiff with "all his grievances, records regarding room changes in the weeks surrounding this March 15, 2010 incident, and the Notes/Warnings placed in the computer system during Plaintiff's detention." *Id.* at 2.

- d. **Question 4:**  Plaintiff contends that Defendants failed to produce the SCDC policy for dealing with an attempted suicide by an inmate.
    Defendants object to providing this information for safety and security purposes and further argue that new information provided in Derek Randall's affidavit shows that this information is not relevant to this case.  ECF No. 75 at 2.

e.  **Question 5:**  Plaintiff argues that Defendants did not provide information related to classification differences between protective custody, disciplinary status, and administrative protective custody.
    Defendants contend that they have provided Plaintiff with this information.

f.  **Question 6:** Plaintiff avers that Defendants did not provide him information related to CCDC's computer log on March 13, 2010, related to Plaintiff's recreation and room assignment.
    Defendants contend that they have answered this request.

g.  **Question 7 and 8:**  Plaintiff argues that Defendants did not tell him who authorized inmates Waites and Williams to be placed in Plaintiff's cell on March 15, 2010, nor did Defendants provide Plaintiff with inmates Waites, Williams, and Plaintiff's cell numbers.
    Defendants contend they have provided Plaintiff with information related to these requests.

h.  **Question 9:**  Plaintiff contends that Defendants did not tell him what cell the alleged suicide victim was in on March 15, 2010 and what cell he was placed in following his attempt.
    Defendants contend that Plaintiff possesses his cell change notes and that the requested information is contained in those notes.

i.  **Question 10**:  Plaintiff argues that Defendants did not tell him what Captain Keys function was on March 15, 2010, concerning the AIA unit.
    Defendants contend that they have answered this request.

j.  **Question 11:**  Plaintiff contends that Defendants did not provide him with the classification of the officers that approved inmate Waites, Williams, and Plaintiff's cell change.
    Defendants objected to this interrogatory as being vague, ambiguous, and unclear and contend that they are still unable to respond to Plaintiff's re-worded request.  Defendants ask for additional clarification of what Plaintiff means by the term "classification."

k.  **Charleston County Sheriff's office subpoena:**  Plaintiff also complains that Officer Cain at the Charleston Sheriff's Office has not responded to his subpoena request that was served on December 10, 2012.
    Defendants contend that they have contacted representatives with the Sheriff's Office who have advised they have not been served with a subpoena. Defendants request that Plaintiff provide proof of service so that counsel may investigate further.

The court has reviewed Defendants' objections to Plaintiff's Interrogatories and finds that Defendants' security concerns regarding Plaintiff's Requests for SCDC's policy on suicide and Defendants' vagueness objection concerning Plaintiff's Request for the "classification" of officers who approved Plaintiff's cell changes are well founded. The court further finds that Defendants have sufficiently responded to Plaintiff's remaining Interrogatories and have provided Plaintiff with documents and material relevant to the prosecution of his case. Accordingly, Plaintiff's Motion to Compel, ECF No. 65, is denied.

IT IS SO ORDERED.

February 19, 2013
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge