UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Elbert Simpkins, ) | |
| ) | C/A No.: 5:12-cv-01447-GRA |
| Plaintiff, ) | |
| ) | |
| v.            ) | **ORDER** |
| ) | (Written Opinion) |
| Sheriff Al Cannon, Captain Key, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Elbert Simpkins ("Plaintiff"), proceeding *pro se*, filed this action on May 23, 2012,[1] pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) DSC, this case was referred to United States Magistrate Judge Kaymani D. West for all pretrial proceedings. This matter now comes before the Court for review of Magistrate Judge West's Report and Recommendation regarding Defendants' Motion for Summary Judgment. Magistrate Judge West recommends that this Court grant Defendants' Motion for Summary Judgment. Plaintiff timely filed objections to the Report and Recommendation on May 16, 2013. ECF No. 106. After reviewing the record, the relevant law, and the Report and Recommendation, the Court agrees with and adopts the Report and Recommendation in its entirety.

### Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Defendants have filed a Motion for Summary Judgment. The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 317.

## Discussion

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71

(1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff timely filed objections to the Report and Recommendation on May 16, 2013. Having reviewed Plaintiff's objections, the Court finds that many of the objections are unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation or merely restate his claims. However, the Court will address the objections that the Court finds to be specific and pertinent to the Report and Recommendation.

**I.     Failure to Exhaust Administrative Remedies**

Plaintiff objects to the Magistrate Judge finding that he did not exhaust his administrative remedies. Under the Prison Litigation Reform Act (PLRA), a prisoner must exhaust all of his administrative remedies before bringing suit under § 1983 or any other Federal law. 42 U.S.C. § 1997e(a). These administrative remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002). In fact, "[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Id.* Moreover, the exhaustion requirement applies equally to

pretrial detainees, which Plaintiff was at all times relevant to these claims. *See* 42 U.S.C. § 1997e(h) (defining "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.").

Magistrate Judge West found that Plaintiff failed to exhaust his administrative remedies because no grievance was filed with the Charleston County Detention Center ("CCDC") regarding the March 15, 2010 incident that is the subject of this suit. Report and Recommendation 7–8, ECF No. 102. In his objections, Plaintiff "swears under oath he did file a grievance concerning the March 15, 2010 incident." ECF No. 106. However, the Court finds that the evidence suggests otherwise.

Plaintiff first asserts that he does not have a copy of the grievance regarding the March 15, 2010 incident "because defendants did not comply with his discovery request." *Id.* Yet on January 4, 2010, Plaintiff was provided with copies of all the grievances he filed while at CCDC. ECF No. 71-1. Moreover, in an affidavit, Captain Michael Tice who is in charge of the custody and control of inmate records at CCDC, attested that Plaintiff filed a total of seven grievances while at CCDC but did not submit a grievance regarding the March 15, 2010 incident. ECF No. 50-2. He also states that Plaintiff received and agreed to abide by the *Charleston County Detention Center Inmate Orientation Handbook*, which fully outlines the grievance procedure. *Id.* The Court has reviewed the copies of Plaintiff's grievances submitted by Defendants and finds that none of them reference the March 15, 2010 incident. ECF No. 98-1.

Plaintiff next objects to the Magistrate Judge finding Plaintiff should have a copy of the grievance in his possession if he actually filed a grievance about the March 15, 2010 incident.  *See* Report and Recommendation 7 n.4, ECF No. 102. Magistrate Judge West noted that "the bottom of each grievance form . . . indicates that the original copy goes in the Central File, a yellow copy is given to the inmate, and a pink copy is put in the inmate's records file."  *Id.*  Plaintiff alleges that "inmates are only given a white [Xerox] copy of the first sheet of the grievance form."  ECF No. 106.  Because of this, he asserts that he "would not automatically have a copy of the grievance dated March 15, 2010."  *Id.*  However, Plaintiff has not attached the Xerox copy of the March 15, 2010 grievance to any of his responses or objections. Moreover, the Court is puzzled as to why only having a white Xerox copy of the grievance form would not provide Plaintiff with evidence of the grievance form to present to the Court.  Thus, the Court finds this objection to be without merit.

Finally, Plaintiff asserts that even though no grievance form was filed, "[t]he situation was beyond grievance relms [sic] and their [sic] was nothing the staff or grievance board at CCDC could of possibly done once inmate Waiters and Williams were criminally charged."  ECF No. 106.  Under the PLRA, however, exhaustion of administrative remedies is mandatory, even if the prisoner believes that exhaustion is futile.  *See Booth v. Churner*, 532 U.S. 731, 740 n.6 (2001) (stating "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").  Accordingly, this objection is without merit and must be overruled.

**Conclusion**

After a review of the record, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's motion to change venue (ECF No. 92) is DENIED as MOOT.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

May  28 , 2013
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.